IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | § § § | SA-21-CR-00429-OLG |
| vs. | § § § | |
| (1) NICKK EDWARD AYALA II, *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss the Indictment [#87], the Government's Response [#90], and Defendant's Reply [#91], which were referred to the undersigned for a report and recommendation. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be denied.

## I. Background

Defendant Nick Edward Ayala II is under indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [#11]. According to the probable cause affidavit underlying the initial criminal complaint, Defendant was previously convicted of "Grand Theft" and "Stop Payment with Intent to Defraud," two separate felonies, in Florida and sentenced to a term of ten years' probation. (Aff. [#1], at ¶ 11.) The Government initiated an investigation into the firearm-dealing activities of Defendant in June 2021 and discovered that Defendant had listed for sale a Glock 19 pistol on the website texasguntrader.com. (*Id.* at ¶¶ 2–3.) An undercover agent conducted surveillance of Defendant's residence and witnessed Defendant exit his

residence carrying two black firearms cases. (*Id.* at ¶ 4.) Agents followed Defendant to a Walmart Supercenter where they executed a controlled purchase of two firearms and placed him under arrest. (*Id.* at ¶¶ 5, 6.)

Defendant now moves to dismiss the indictment on the basis that 18 U.S.C. § 922(g)(1), both facially and as applied to his case, violates the Second Amendment under the principles set forth by the Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Per Defendant, Section 922(g)'s restrictions on the possession of firearms by law-abiding citizens is inconsistent with the historical traditions of the United States.

## **II. Legal Standard**

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005). Defendant's motion to dismiss the indictment states that Defendant is bringing both a facial and factual challenge to a federal statute. However, the motion does not require resolution of any disputed facts. The Court may therefore issue a decision on the motion without any further factfinding.

## **III. Analysis**

Again, Defendant is under indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This statute makes it unlawful "for any person – who has been convicted in a court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or

transported in interstate or foreign commerce." Defendant's motion argues his indictment must be dismissed because the statute is unconstitutional under the Second Amendment and the standard set forth by the Supreme Court in *Bruen*.

The Second Amendment dictates that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In 2008, the Supreme Court held that the Second Amendment confers an individual, as opposed to collective, right and ushered in a period of contemporary jurisprudence on the right to bear arms. *Dist. of Columbia v. Heller*, 554 U.S. 570, 580 (2008). Post-*Heller*, the Fifth Circuit adopted a two-step inquiry for analyzing laws that might infringe on the Second Amendment. *See Hollis v. Lynch*, 827 F.3d 436, 446 (5th Cir. 2016). Under this rubric, courts would first ask whether the conduct at issue fell within the scope of the Second Amendment right to bear arms, evaluating "whether the law harmonizes with the historical traditions associated with the Second Amendment guarantee." *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives [NRA]*, 700 F.3d 185, 194 (5th Cir. 2012). If the burdened conduct fell outside the scope of the Second Amendment, then the law was constitutional, and the inquiry was over. *Id.* at 194–95. If the burdened conduct fell within the scope of the Second Amendment, courts would proceed to step two, where they would determine whether to apply strict or intermediate scrutiny, depending on the nature of the conduct being regulated and the degree to which the challenged law burdens the individual Second Amendment right. *Id.* at 195. This second part of the test became known as means-end scrutiny. *Id.*

Both before and after *Heller*, the Fifth Circuit repeatedly upheld 18 U.S.C. § 922(g)(1)—the statute challenged here—against Second Amendment challenges. *See United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (citing *United States v. Everist*, 368 F.3d 517, 519

(5th Cir. 2004); *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003)). The Fifth Circuit has long recognized that "it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms," *United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001), and that "legislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment," *Darrington*, 351 F.3d at 634. *See also Everist*, 368 F.3d at 519 ("It is not inconsistent with the Second Amendment to limit the ability of convicted felons to keep and possess firearms."). The Fifth Circuit has repeatedly determined that arguments regarding the unconstitutionality of Section 922(g)(1) are foreclosed by the Circuit's existing precedent. *See Scroggins*, 599 F.3d at 451. In *Heller*, the Supreme Court reinforced the position that felons do not enjoy the same Second Amendment protections as other Americans (albeit in dicta), explicitly noting that its holding that the Second Amendment confers an individual right should not "be taken to cast doubt on long-standing prohibitions on possession of firearms by felons." 554 U.S. at 626.

The Supreme Court subsequently issued its decision in *Bruen*. The decision repudiated the two-step approach embraced by the Fifth Circuit and other circuit courts of appeals post-*Heller*. In doing so, the Supreme Court explained that "[s]tep one of the predominant framework is broadly consistent with *Heller*," as it "demands a test rooted in the Second Amendment's text, as informed by history." *Bruen*, 597 U.S. at 19. However, according to the Supreme Court, *Heller* did not support the second step of the framework—means-end scrutiny—because it allowed courts to balance Second Amendment protections with governmental interests and policy considerations. *Id.* The Supreme Court instead held that, if "the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct,"

and the Government bears the burden to affirmatively prove that "its firearm regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 17. In other words, lower courts evaluating the constitutionality of firearms regulation post-*Bruen* must focus solely on the text of the Second Amendment and "the Nation's historical tradition of firearm regulation." *Id.* at 24.

The Fifth Circuit has, post *Bruen*, explicitly addressed the precise issue raised here, rejecting several facial and as-applied challenges to Section 922(g)(1) even under the *Bruen* test. *United States v. Charles*, No. 23-50131, 2025 WL 416092 (5th Cir. Feb. 6, 2025), *cert. denied*, 145 S. Ct. 2805 (2025); *United States v. Schnur*, 132 F.4th 863 (5th Cir. 2025); *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024). These opinions, all of which involved felons in possession previously convicted of theft, are controlling.

In *Diaz*, the Fifth Circuit reasoned that the application of Section 922(g)(1) against individuals like Diaz, who had been convicted of theft, were punished permanently and severely at the time of the Second Amendment, including with permanent disarmament. 116 F.4th at 472. The opinions in *Charles* and *Schnur* relied on *Diaz* to hold the same. *See Charles*, 2025 WL 416092, at *1 (explaining that *Diaz* forecloses both facial and as-applied challenges to Section 922(g)(1) by those convicted of theft); *Schnur*, 132 F.4th at 870–71 ("Based on Schnur's two theft-related felony convictions, *Diaz* forecloses Schnur's as-applied challenge.").

Defendant argues that *Diaz* was wrongly decided on the basis that the Supreme Court should not have analogized the crime of vehicle theft (committed by Diaz) to colonial-era horse theft and asserts that *Diaz*'s entire as-applied framework runs afoul of both *Bruen* and the Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S. 680 (2024). This Court is not permitted to ignore binding Fifth Circuit precedent, which both before and after *Bruen* has

consistently upheld Section 922(g)(1) against facial constitutional challenges under the Second Amendment. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 442 (5th Cir. 2000). Defendant's as-applied challenge is also foreclosed by binding precedent, as Defendant was convicted of "Grand Theft." Defendant concedes that this Court does not possess the power to facially invalidate Section 922(g)(1) or dismiss his indictment based on an as-applied challenge due to his theft conviction, yet he wishes to preserve these issues for appeal.

Defendant argues that his as-applied challenge, however, is a live issue as to his convictions for "Stop Payment with Intent to Defraud," which are essentially "bad check" convictions. But the Court need not consider this argument in the context of this case, as Defendant also has a grand theft conviction sufficient to place him under *Diaz*'s purview. While pressing his arguments regarding his "Stop Payment" convictions, Defendant also acknowledges this Court has another avenue for denying his motion. Defendant's motion to dismiss the indictment therefore must be denied.

## IV. Conclusion and Recommendation

Having considered Defendant's motion, the response and reply thereto, and the governing law, the undersigned **recommends** that Defendant's Motion to Dismiss the Indictment [#87] be **DENIED**.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 10th day of July, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE